UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIFAT SHAFIQUE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EQUITY RESIDENTIAL ) <br> REAL ESTATE INVESTMENT TRUST, ) <br> ) <br> Defendant. ) | Civil Action No. 1:24-cv-00380 (UNA) |

## MEMORANDUM OPINION

Plaintiff Rifat Shafique has filed a *pro se* complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons explained below, this matter is dismissed.

Shafique, a resident of the District, sues a property management company, his former landlord, Equity Residential Real Estate Investment Trust ("Equity Residential"). *See* Compl. at 1–4. He alleges that Equity Residential wrongfully evicted him from his D.C. apartment in March 2023, and that he has suffered myriad hardships arising therefrom. *See id*. at 4–5.

Notably, this matter has already been litigated, more than once, across *five* different local and federal courts, a fact which Shafique acknowledges. *See id*. at 4–6; *see also* Compl. Exhibits ("Compl. Exs."), ECF No. 1-1 (Documents Related to Prior Proceedings). More specifically, Shafique was sued by Equity Residential in a still-ongoing landlord-tenant matter, filed in D.C. Superior Court's landlord-tenant division, *see Equity Residential Management, Llc Ta 1500 Mass A Vs. Shafique, Rifat*, No. 2022-LTB-000462 (D.C. Super. Ct. filed 2/4/2022) ("*Shafique I*"), and on June 27, 2022, the Superior Court entered a judgment of possession and redeemable writ of restitution on behalf of Equity Residential, and ordered that Shafique be evicted, *see id*. at Redeemable Judgment Notice Entered on Docket.

Before the writ was executed, however, Shafique attempted to remove *Shafique I* to this District, *see Equity Residential Management, Llc v. Shafique*, No. 22-cv-00921 (TJK) (D.D.C. removed 5/6/2022) ("*Shafique II*"), but the matter was promptly remanded on June 29, 2022, because Shafique failed to establish subject matter jurisdiction, and further, the court was prohibited from intervening pursuant to the tenets of *Younger v. Harris*, 401 U.S. 37 (1971), *see id.* at Remand Order ("RO"), ECF No. 12. Shafique's appeal of that determination to the D.C. Circuit was dismissed on March 3, 2023. *See id.* at Mandate, ECF No. 21.

Upon remand, on March 8, 2023, the Superior Court executed the pending writ of restitution on behalf of Equity Residential. *See Shafique I* at Writ Executed. Shafique's multiple attempts to appeal the determinations of the Superior Court to the D.C. Court of Appeals ("DCCA") were all dismissed or denied. *See id.* at DCCA Mandate (entered 11/3/2022); Order Denying from DCCA (entered 3/8/2023); Order Sua Sponte Dismissing Appeal from DCCA (entered 4/3/2023); DCCA Mandate (entered 10/4/2023); Order Denying from DCCA (entered 10/18/2023); Order Sua Sponte Dismissing Appeal from DCCA (entered 3/25/2024).

In the interim, Shafique filed suit against Equity Residential in D.C. Superior Court's civil division, alleging retaliation, wrongful eviction, deprivation of rights, fraud, harassment, insider trading, and mail interference, demanding that the eviction be reversed and seeking damages, *see Rifat Shafique v. Equity Residential Management LLC*, No. 2023-CAB-001282 ("*Shafique III*"), at Complaint (entered 3/3/2023), and moving for a preliminary injunction, *see id.* at Motion for Preliminary Injunction Filed (entered 3/3/2023). That case was dismissed by the Superior Court on March 9, 2023, because Shafique failed to prosecute the case, and because the relief he sought was duplicative to that requested in several motions that he already filed in *Shafique I*. *See id.* at Order Filed and Entered on Docket; Ord. Granting Mot. for Summary Affirmance/Reversal from

DCCA (entered 5/4/2023). Shafique's appeals in *Shafique III* were all dismissed or denied by DCCA. *See id.* at Order Denying from DCCA (entered 3/17/23); Order Denying from DCCA (entered on 4/3/2023); Ord. Granting Mot. for Summary Affirmance/Reversal from DCCA (entered 5/4/2023); Order Denying from DCCA (entered 8/22/2023); DCCA Mandate (entered 10/4/2023); Ord. Granting Mot. for Summary Affirmance/Reversal from DCCA (entered 3/8/2024); DCCA Mandate (entered 4/17/2024).

Now, in the instant matter, Shafique seeks to somehow "remove" his last appeal, decided by the DCCA in *Shafique I*, to this court, and he asks this court to review, reverse, and amend the determinations of the DCCA, and thus reverse the determinations the Superior Court, and to award him damages for the alleged hardships arising from his eviction. *See* Compl. at 3–6; Compl. Exs. at 1. And, once again, he has filed a motion for preliminary injunction, ECF No. 3. For several reasons, this court cannot grant the relief that Shafique seeks.

First, Shafique cannot, by filing an independent civil action, or otherwise, "remove" his appeal before the DCCA to this court, because (1) he has already attempted to remove *Shafique I*, and failed, (2) he simply cannot "remove" an appeal from the DCCA to this federal court, and (3) any such removal would be untimely. *See generally* RO; *see* 28 U.S.C. § 1441(a) (cross-referencing 28 U.S.C. § 1451(1) (stating that, for purposes for removal, the District of Columbia's "state court" is the Superior Court of the District of Columbia)); *see also* 28 U.S.C. § 1446(b)(2)(B) (a defendant must file their notice of removal within 30 days of service or other receipt of the initial pleading); *see also Ballard v. Dist. of Columbia*, 813 F. Supp. 2d 34, 37 (D.D.C. 2011) ("Within thirty days after service of the complaint, the defendant must file a notice of removal.").

Second, as already noted by the court in *Shafique II*, *see* RO at 2, a federal court cannot intervene in an ongoing state court proceeding. *See District Properties Assocs. v. District of*

*Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[T]he doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny restrains federal courts from interfering in ongoing state judicial proceedings."). Here, the proceedings in *Shafique I* are yet ongoing; in fact, a remote status hearing is scheduled for May 3, 2024. *See Shafique I* at Remote Status Hearing.

Third, even if Shafique's proceedings in Superior Court had fully concluded, his claims would nonetheless be barred by the *Rooker-Feldman* abstention doctrine, which prohibits federal courts from reviewing determinations made by state or local courts, *see Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Feldman*, 460 U.S. at 486; *see also Laverpool v. Taylor*, 229 F. Supp. 3d 5, 16 (D.D.C. 2017) ("Although Plaintiff styles his claims as arising under various federal statutes and constitutional protections, even a liberal reading of his Complaint makes clear that he seeks the invalidation of the judicial foreclosure on his property [by alleging that the defendants] . . . conspired to abuse the judicial process in order to unlawfully deprive him of his property.") (citation and internal quotation marks omitted); *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 312 (D.D.C. 2014) (dismissing the plaintiff's constitutional claims stemming from an eviction as barred by the *Rooker–Feldman* abstention doctrine), *aff'd*, 587 Fed. Appx. 661 (D.C. Cir. 2014) (per curiam). Consequently, this court is without jurisdiction to review the determinations, or to otherwise undermine the decisions, of the Superior Court or the DCCA.

Finally, assuming *arguendo* Shafique did not face the aforementioned jurisdictional hurdles, as already discussed by the court in *Shafique II*, he had neither stated federal question nor

established diversity jurisdiction—fatal defects left uncorrected since his last attempt in this District. *See* RO at 2. Although Shafique cites, in passing, to some federal authority, he fails to explain its relevance to his claims. *See* Compl. at 3, 6. And federal question jurisdiction "must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). In other words, "[e]vents may not have unfolded as [p]laintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional or statutory violation. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). Furthermore, all of the parties reside or conduct business in the District of Columbia, thereby defeating diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).

For all of these reasons, this case is dismissed. Shafique's pending motion for preliminary injunction, ECF No. 3, is denied. A separate order accompanies this memorandum opinion.

Date: May 1, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge